UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KERR IP GROUP, LLC, a Nevada limited liability corporation,

        Plaintiff,

   v.

ARCMATIC INTEGRATED SYSTEMS, INC., a California corporation, ARCMATIC WELDING SYSTEMS, INC., a California corporation, WILLIAM BONG, an individual,

        Defendants.

NO. CIV. S-10-42 FCD/JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Kerr IP Group LLC's ("plaintiff") motion to compel arbitration pursuant to California Code of Civil Procedure § 1281.2.[1] (Docket #4.) As alleged in plaintiff's petition to compel arbitration, filed January 6, 2010 (Docket #2), on February 8, 2001, plaintiff

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  entered into a contract with defendants Arcmatic Integrated
2  Systems, Inc., Arcmatic Welding Systems, Inc. and William Bong
3  ("defendants") to provide defendants legal and patent services.
4  (Docket #2 at ¶ 8.)  The parties' contract was subsequently
5  amended in 2004 and 2006 but in each form, the contract contained
6  an arbitration clause pursuant to Section 1281 *et seq.*  (Id. at
7  ¶s 8-9.)  That clause provided that any dispute between the
8  parties arising from the terms of their agreement be resolved
9  through binding arbitration governed by Section 1281 *et seq.*
10 (Id. at ¶ 9.)

11      The parties' relationship ended in April 2007.  (Id. at
12 ¶ 11.)  At that time, plaintiff alleges defendants owed plaintiff
13 $114,000.00 for its services.  (Id. at ¶ 14.)  Beginning in March
14 2007 and continuing through February 2009, plaintiff requested
15 that defendants pay their outstanding bill or arbitrate the
16 dispute.  (Id. at ¶ 12.)  Plaintiff asserts defendants have
17 refused to proceed with arbitration, and by the instant action,
18 plaintiffs seek to compel defendants' participation.

19      On February 17 and 20, 2010, defendants were served with the
20 petition to compel arbitration (Docket #s 10-12); however, they
21 did not respond to the instant motion and have not otherwise
22 appeared in the action.  The court construes their failure to
23 respond as a non-opposition to the petition and motion.  E.D.
24 Cal. L.R. 230(c).

25      Section 1281.2 provides, in pertinent part, that "the court
26 shall order the petitioner and the respondent to arbitrate the
27 controversy if it determines that an agreement to arbitrate the
28 controversy exists."  Cal. Code Civ. Proc. § 1281.2.  Plaintiff

1  has demonstrated that such an agreement exists in this case.
2       As such, the court GRANTS plaintiff's motion to compel
3  arbitration.  Defendants are directed to proceed to arbitration,
4  pursuant to the terms of the parties' agreement, within 30 days
5  of the date of this Order.  This action is HEREBY stayed pending
6  the parties' arbitration.
7       IT IS SO ORDERED.
8   DATED: April 14, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE